## DEBANY et al. v. ROSENTHAL et al.

(Supreme Court, Appellate Term, First Department.   May 5, 1915.)

1. SALES ☜261—WARRANTIES—EXPRESS WARRANTY.

Under Personal Property Law (Consol. Laws, c. 41) § 93, added by Laws 1911, c. 571, providing that any affirmation of fact or any promise by the seller as to the goods is an express warranty, if it induces the buyer to purchase the goods in reliance thereon, a seller's agreement that sewing machines were to be guaranteed for one year's time and his affirmation that they were in good order, like new machines, and in first-class condition, and that he would give a year's guaranty that they were in first-class condition, was an express warranty.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 727–735; Dec. Dig. ☜261.]

2. SALES ☜445—ACTION FOR PRICE—QUESTION FOR JURY—WARRANTY.

In a buyer's action for breach of warranty on the sale of sewing machines, *held* that the question of the seller's warranty was for the jury.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1303–1308; Dec. Dig. ☜445.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Gabriel Debany and others, copartners trading as Debany Bros., against Jacob Rosenthal and Samuel Abramowitz, copartners trading under and by the firm name of the American Sewing Machine & Electrical Contracting Company. From a judgment directed in favor of the defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Samuel J. Siegel, of New York City (Louis H. Solomon, of New York City, of counsel), for appellants.

Siegeltuch & Silverman, of New York City (Isidore Siegeltuch, of New York City, of counsel), for respondents.

COHALAN, J.   Plaintiffs, on a breach of warranty, sued to recover $330, the purchase price paid on the sale of 11 sewing machines. Defendants had a conceded claim for $55. At the end of the case the court refused to permit the issue to go to the jury, dismissed plaintiffs' complaint, and directed a verdict for the defendants on the counterclaim.

[1] The defendants asserted that the machines in question were slightly used machines, that they were in good order, and that they would be guaranteed for one year. The signed agreement expresses a guaranty, and whether or not that meant that they should be kept in repair for one year, or that it referred to their servicability during that period, was a matter of dispute on the trial. The plaintiffs on their part seemed to show that in either event there was a breach of warranty, that the machines failed to work, and that the defendants neglected to repair them. The defendants, on the other hand, assert that they did all that they were required to do under the contract. On this

state of the record the plaintiffs were entitled to the benefit of every fact that the jury would be warranted in drawing from the evidence. The contract in suit manifestly contains an express warranty. Hawkins v. Pemberton, 51 N. Y. 201, 10 Am. Rep. 595. Section 93, Personal Property Law. The above section reads as follows:

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty, if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon."

The agreement reads:

"All the above is to be guaranteed for one year's time. * * *"

The sellers' affirmation was expressed in these words:

"They are in good order, like new machines. They are in first-class condition. * * * I will give you a handwriting that I guarantee for a year they are in first-class condition."

[2] Hence it would seem that these affirmations were sufficient in ese to establish a warranty. In any event the question of warranty, under all the circumstances in the case, should have been submitted to the jury. Hawkins v. Pemberton, supra.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.